

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ABOVENET, INC.,

                      Appellant,

          - against -

SBC TELECOM, INC.,

                      Appellee,
------------------------------------------------------------x

06 Cv. 8269 (CLB)

***Memorandum and Order***

Brieant, J.

      Abovenet, Inc., formerly known as Metromedia Fiber Network, Inc., appeals from an Order of the Hon. Adlai S. Hardin, United States Bankruptcy Judge, issued December 2, 2005, following a trial which denied the motion of the Debtor (hereinafter MFN) to assume a so-called Dark Fiber Agreement with SBC Telecom, Inc. The appeal was argued and fully submitted for decision on January 3, 2007.

      Familiarity on the part of the reader is assumed with the opinion after trial of Judge Hardin reported in 335 B.R. 41. This dispute arises out of a long-term executory contract, which Judge Hardin found in a prior decision dated November 24, 2003, required the MFN to build and SBC to lease a minimum commitment of 30,000 fiber miles of which 2,762 fiber miles had been built and was already leased. The principal issue is the question of whether there has been a default. Judge Hardin concluded: "As a matter of fact and law that there has been a 'default' by MFN under the Agreement within the meaning of § 365(b)(1) [of the Code] and that MFN has not provided and cannot provide 'adequate assurance of future performance' within the meaning

-1-

of § 365(b)(1)(C)." On that ground, the Bankruptcy Court denied the motion to assume the Agreement.

SBC contended in Bankruptcy Court that the Debtor had defaulted under the Agreement "repeatedly" by its inability to deliver fiber and its failure to complete the so-called backbone network in each of twenty-five Metropolitan Areas, and by receiving prepaid installation charges for lateral connections never constructed, and that these breaches were material. MFN denied in the Bankruptcy Court that there had been any default contending that SBC's failure to provide written notices of default under the Agreement precluded the Bankruptcy Court from finding MFN in default.

This argument was essentially frivolous, because in light of the automatic stay, such notice of default could not have been given without leave first obtained from the Bankruptcy Court, which was never done, nor was SBC obligated to do so in order to resist assumption. MFN also claimed that there was no obligation to construct or deliver fiber after the initial 180 day period had lapsed and that SBC waived its right to declare a default by accepting and utilizing fiber already delivered.

Judge Hardin held as a matter of law that the power to assume an executory contract under the Code was not available unless at the time of assumption the Debtor cured the default or provided adequate assurance that it would promptly cure such default. This holding derives from the plain meaning of § 365(a) and (b). Neither the term "default" nor "adequate assurance of

future performance" is defined in the Code. Judge Hardin concluded that these words should be given their plain and ordinary meaning.

The essence of this appeal is that Appellant now claims that the word "default" for purposes of the Code, means default as defined in the Agreement with respect to which a default is claimed to have occurred. The Bankruptcy Court rejected the argument, and determined that the term "default, simply stated, means a failure to perform or fulfill some obligation or duty imposed by law or by contract." The argument made in the Bankruptcy Court and here in the District Court by MFN, is that it cannot be charged with any defaults under the Agreement because the Agreement requires SBC to give written notice of the default and an opportunity to cure which it did not do. Judge Hardin rejected this argument and held that "the meaning of a term used by Congress in a statute cannot be changed in one way in one case and another way in another case by heterodox provisions in private contracts."

Such is the essence of the dispute presently before this Court. This Court adopts the argument set forth in Judge Hardin's opinion and agrees. Were it otherwise, persons could draw contracts which would essentially waive a significant right granted to a debtor under the Code, simply by defining default in some arcane manner which eliminates from such definition what is commonly called an ordinary default.

Relying on *Norcon Power Partners, LP v. The Niagara Mohawk Power Corp.*, 92 N.Y. 2d 458 (1988) in which the New York Court of Appeals answered a certified question from the

Second Circuit, the Bankruptcy Court found that in order to demand adequate assurance of future performance as permitted by the Code and also by New York case law as well as the UCC, a party contracting with a Debtor need not show that it gave technical notice of default and an opportunity to cure; it need only show that there has been a default under the Agreement by MFN in the common and ordinary sense of the word - - to with a failure by MFN to fulfill some obligation required of it by the Agreement. He also noted that the default must be material.

Relying on what he regarded as an unambiguous written agreement, which must be enforced as written and concluding that parol evidence was unavailable in this situation, the Bankruptcy Court held that there was a material default, indeed, more than one default, and that MFN has not and cannot demonstrate adequate assurance of future performance.

To the extent the Order appeared from is attacked as involving an erroneous determination of law, an issue which this Court reviews *de novo,* this Court concludes that the Bankruptcy Court was correct; the word default as used in the Code means default as commonly known in the law of contracts. As a matter of public policy provisions in the Agreement which may be read to define default differently are invalid on their face. To the extent they might limit the rights of a party under the Bankruptcy Code. To the extent that the opinion of the late Judge Pollack in *Manufacturers Hanover Leasing Corp. v. Ace Drilling Co.,* 726 F.Supp. 966, 968 (S.D.N.Y. 1989), a case arising under the UCC, which also does not define default, this Court respectfully disagrees.

Insofar as the factual findings of the Bankruptcy Court that the Debtor cannot provide adequate assurance of future performance, this finding is not clearly erroneous.

The Order appealed from is affirmed on the opinion below.

SO ORDERED.

Dated: White Plains, New York
February 26, 2007

*[signature]*
Charles L. Brieant, U.S.D.J.